# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIA THOMAS, <br><br> Plaintiff, <br> vs. <br><br> GEORGE W. BUSH, *et. al*, <br><br> Defendants. | CASE NO. 11cv2712 WQH-NLS <br><br> **ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), Motion to Appoint Counsel (ECF No. 3), and Motion for Witness Protection (ECF No. 6) filed by Plaintiff Mia Thomas.

## BACKGROUND

On November 21, 2011, Plaintiff Mia Thomas, a nonprisoner proceeding pro se, initiated this action by filing a Complaint in this Court. (ECF No. 1). The Complaint lists sixty-one Defendants including George Bush, Queen Elizabeth, the Pentagon, Hawaiian Punch, Nestle, Illuminati, and the Vatican. *Id*. at 3-5. On November 21, 2011, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("Motion to Proceed IFP") and a Motion to Appoint Counsel. (ECF Nos. 2, 3). On November 22, 2011, Plaintiff filed a Motion for Witness Protection. (ECF No. 6).

On November 28, 2011, Plaintiff filed an "Addition to Original Case" adding nineteen

1  new Defendants including Mel Gibson, IHOP, FOX News, Donald Rumsfeld, Dodge, and
2  MacDonalds.  (ECF No. 8 at 1-2).  On November 29, 2011, Plaintiff filed an "Additional
3  Complaint" adding the City of San Diego as Defendant.  (ECF No. 10).

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

In her affidavit accompanying the Motion to Proceed IFP, Plaintiff states that she is not employed, receives no income, and does not have any significant assets such as real estate, stocks, bonds, or securities.  The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that she is unable to pay the fees or post securities required to maintain this action.  The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

### II. Initial Screening Pursuant to 28 U.S.C. Section 1915(e)(2)(b)

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is " frivolous." 28 U.S.C. § 1915(e)(2)(B).  "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed. R. Civ. P. 8(a).  Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).  The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se.  *Estelle v. Gamble*, 429 U.S. 97, 97 (1976).  However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint "is frivolous where it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal

1  conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325
2  (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70
3  F.3d 1103, 1106 (9th Cir. 1995); *Lopez v. Dept. of Health Servs.*, 939 F.2d 881, 882 (9th Cir.
4  1991). When determining whether a complaint is frivolous, the court need not accept the
5  factual allegations as true, but must "pierce the veil of the complaint," to determine if the
6  allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez,* 504 U.S. 25, 33
7  (quoting *Neitzke*, 490 U.S. at 327-28).

8  In this case, Plaintiff makes claims against over eighty various individuals and entities which lack any basis in fact. For example, Plaintiff alleges "that all of the defendants have been secretly killing and plotting to kill any American or foreigner who has tried to expose their plot of building guillotines and gas chambers to drag people out of their homes unsuspectingly and kill them.... [defendants have been] impersonating plaintiff on facebook, interrogating any contact to get personal information, telling all her contacts she's either schizophrenic or bi-polar because Plaintiff is saying things about the CIA." (ECF No. 1). Plaintiff alleges: "The defendants are using the [] traffic lights as cameras to follow the plaintiff around and annoy her.... Defendants used movie rentals from off base, Netflix and Blockbuster in an attempt to profile plaintiff and again began showing the movies they knew plaintiff had already seen.... the defendants used the new voyeurism technology to watch plaintiff take showers, use the toilet, eat and live.... the defendants have also learned how to tap into one's subconsciousness or dreams in order to spy, trick, entrap their victim." (ECF No. 8). Plaintiff alleges: "The defendants currently and have had the plaintiff's phones, internet, and home constantly wired and [are] usually aware of what activities the plaintiff is engaged in and will at times do things to frustrate plaintiff's activities." (ECF No. 10).

24  The Complaint does not allege any legal basis under which Plaintiff is entitled to relief for any of the listed causes of action including slander, libel, defamation, voyeurism, collusion, harassment, stalking, torture or wiretapping. Plaintiff's allegations are fanciful and delusional, and "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). The Court finds

1 that there is no logical construction of the Complaint from which to derive a viable claim
2 against any of the named Defendants.  The allegations in the Complaint are insufficient to put
3 Defendant on notice of the claims against them, as required by Rule 8 of the Federal Rules of
4 Civil Procedure.  Accordingly, the Court dismisses the Complaint as frivolous and for failing
5 to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.    Appointment of Counsel and Request for Witness Protection

Plaintiff has requested appointment of counsel and witness protection in this case. (ECF Nos. 3, 6).  Plaintiff's Motion for Witness Protection alleges that, while Plaintiff was filing the Complaint in this matter, Defendants "broke into plaintiff's car[,] went through personal belongings... [and] installed a wiring listening device...." (ECF No. 6).  In light of the Court's sua sponte dismissal of this action, Plaintiff's request for appointment out counsel is denied as moot and Plaintiff's request for witness protection is denied as fanciful and delusional.

### CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**.  The Court **DISMISSES** the case without prejudice, and **DENIES** the Motion to Appoint Counsel (ECF No. 3) as moot.  Plaintiff's Motion for Witness Protection (ECF No. 6) is **DENIED**.

DATED: December 12, 2011

**WILLIAM Q. HAYES**
United States District Judge